18787

The STATE, Respondent, v. Wade LADD and Jimmy LADD, Appellants.

(161 S. E. (2d) 230)

*Messrs. Sol. E. Abrams,* of Greenville, and *William G. Acker* and *William Robinson,* of Pickens, *for Appellants,*

*Messrs. Daniel R. McLeod, Attorney General* and *Edward B. Latimer* and *Emmet H. Clair, Assistant Attorneys General,* of Columbia, and *B. O. Thomason, Jr., Solicitor,* of Greenville, *for Respondent,*

May 7, 1968.

BRAILSFORD, Justice.

The defendants, Wade Ladd and Jimmy Ladd, were convicted of rape at the February, 1966, term of the Court of General Sessions for Pickens County. The jury recommended mercy, and they were sentenced to terms of imprisonment. The defendants were represented at their trial by retained counsel who served notice of intention to appeal. The appeal has been perfected and argued by different counsel, who were appointed by the court after trial counsel was relieved of further responsibility at defendants' request. Since their conviction the defendants have filed a number of petitions in state and federal courts, which, as shown by the record, have resulted in various proceedings. However,

the case is before us on direct appeal from the conviction, and such proceedings are irrelevant.

We find no merit in the appeal, which has been presented with zeal and diligence by appointed counsel.

Four of the eight exceptions assign as error excerpts from the court's instructions to the jury, which are challenged as charges on the facts. Counsel for the defendants took no exceptions to the instructions at the trial when given an opportunity to do so. Therefore, the defendants may not now complain of errors in the charge. See Section 10-1210, Code of 1962, and the numerous decisions of this court cited in the footnotes. We have, nevertheless, carefully reviewed the instructions. When the challenged excerpts are read in context, we find no error, certainly none to the prejudice of the defendants.

Another exception charges that the court erred in failing to declare a mistrial upon learning that a juror had been approached about the case. The sufficient answer to this complaint is that no such motion was made by defendants' counsel, although the incident was aired in the absence of the jury before the case was submitted to that body. The defendants, after taking their chances on a favorable verdict, will not now be heard to complain of the submission of the case to the jury. We add that the solicitation of the juror was not in behalf of the prosecution.

Another exception complains of error in admitting into evidence testimony concerning a lineup identification of the defendants by the young victim. The clear weight of the evidence is that the lineup was fairly conducted, although the defendants were in custody and were not then represented by counsel. The decision of the Supreme Court of the United States that such an identification lineup is a critical stage of the prosecution, at which the presence of counsel is constitutionally required, unless intelligently waived, came on June 12, 1967, some sixteen months after the trial of this case. *United States v. Wade,*

388 U. S. 218, 87 S. Ct. 1926, 18 L. Ed. (2d) 1149; *Gilbert v. State of California,* 388 U. S. 263, 87 S. Ct. 1951, 18 L. Ed. (2d) 1178. On the same day the court decided that the doctrine of *Wade* and *Gilbert* would not be given retroactive application. *Stovall v. Denno,* 388 U. S. 293, 87 S. Ct. 1967, 18 L. Ed. (2d) 1199. These decisions lend no strength to the exception, and we find no merit in it.

Finally, the defendants charge that the court erred in failing to allow cross examination of the prosecutrix and her mother concerning a warrant procured by the mother in Cherokee County charging another man with a similar offense against the prosecutrix. It is argued in the brief that when the existence of this warrant was denied, cross examination should have been allowed in order to test the credibility of the witnesses.

The record shows that the prosecutrix denied any knowledge of such a warrant and persisted in this denial during a considerable cross examination which was never terminated by the court. After the mother denied having signed such a warrant,[1] the court refused to permit counsel to pursue the matter on cross examination, stating, in effect, that this was a collateral matter not affecting the issues on trial. This ruling was peculiarly within the discretion of the trial judge, and we find no error as assigned.

Affirmed.

Moss, C. J., and LEWIS, BUSSEY, and LITTLEJOHN, JJ., concur.

---

1. The State concedes the existence of a warrant signed by the mother on December 14, 1965, charging another with having abducted her daughter.